Tlie opinion of the Court was delivered by
Bermudez, C. J.
This is a suit on two mortgage notes of the defendant, each for two thousand dollars, with eight per cent, interest from the 16th of July 1874, till paid, subject to an alleged credit of three thousand dollars, which are said to have been paid thereon by her, on the 15th of August, 1876, together with attorney’s fees, and costs of suit.
The defenses are prescription, and that plan tiffs are not th abona fide *263 owners of the notes, having acquired possession thereof after maturity, with knowledge, from Bullard & Campbell, to whom defendant had delivered them, to secure the payment of a sum of $782.89, which she owed them as a balance on an open account.
The first maturing note fell due on the first of March, 1875, the second on the first of March, 1876.
Tile petition in this suit was filed on June 22d, 1881. Citation was subsequently issued and was served on a curator ad hoe, appointed to represent the absent defendant.
After trial, there was judgment for the defendant and the plaintiffs appealed.
It is manifest that the suit was brought more than five years after the maturity of both notes, and that unless the plaintiffs have established an interruption, 26 A. 245; 21 A. 295; 20 A. 565, the plea of prescription is well founded, and the judgment sustaining it should be affirmed.
The plaintiffs claim, that on the 15th of August, 1876, the defendant has paid $3,000 on account of said notes, extinguishing themjpro tanto, and that defendant has thereby acknowledged her liability for tbe balance remaining.
The evidence establishes that the defendant had two separate accounts with Bullard & Campbell, her merchants, both beginning on August 14th, 1873, and running, tbe one to September 2d, 1874, closing with a balance of $782.S9 against her, tbe other running to July 30th, 1877, elosiug with a balance of $3,110.89 against her; that on September 2d, 1874, in order to secure the payment of the balance of $782.89 due on the first account, defendant delivered to Bullard & Campbell tbe notes sued on; that on tbe lltli October, 1875, in order to secure the payment of the balance of $3,110.89, due on the second account, she delivered to the same parties a mortgage note of $4,120, drawn by a third party, which was paid in full by taking $3,000 in payment, on the 15th of August, 1876, this amount being credited by Bullard & Campbell to the defendant on the second account, leaving a balance of $98.50 in her favor.
Prom this statement, it is quite clear that tbe credit of $3,000 made ■on the notes sued on, by Bullard & Campbell, while they still held them, was wholly unauthorized, and that prescription was not thereby interrupted. The payment was made on the second account, which it completely extinguished.
This suit is not for the payment of the balance of $782.89, to tbe debit of defendant, on the first account. It is an action to enforce payment of what is claimed to be due ou her two mortgage notes.
Had suit been brought by Bullard & Campbell, they could not have *264 recovered on them against the defendant. The evidence shows, that Bullard & Campbell, who held them by a precarious title, at best as pledgees, parted with them in a business settlement, in favor of the plaintiffs, after their maturity, therefore subject to all the rights and equities between the defendant and them.
But, conceding arguendo that the plaintiffs purchased the notes before maturity, with the credit endorsed on them, on the 25th of August, 1876, in good faith, and for valuable consideration, they surely acquired no greater rights to them and to the mortgage than Bullard & Campbell themselves possessed quoad the plea of prescription. As in a suit by the latter, prescription could have been successfully opposed, so in an action by the former, who are the plaintiffs herein, the same defense must prevail.
The claim on the notes against the defendant has as effectually died away, as if the notes had been signed by another party, an utter stranger to the transaction.
This view of the case dispenses us from passing upon the other defenses set up by the defendant.
There is no error in the judgment appealed from.
It is affirmed with costs.
Mr. Justice Levy recuses himself.